UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREA JOY BUELING,

    Plaintiff,

v.                                      Case No. 25-cv-1319-pp

FRANK J. BISIGNANO,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates

1

that she is not employed, she is not married and she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists no income and no expenses, states that she does not own a car her home or any other property of value and indicates that she has $48.39 in cash on hand or in a checking or savings account. Id. at 2-4. The plaintiff states, "At the moment I live with my Father he pays the bills and own[]s the house, my children help pay for my Phone and Food. It is hard on everyone." Id. at 4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

According to the plaintiff's complaint, she applied for Supplemental Security Income and Disability Insurance benefits and her application was denied by the Commissioner. Dkt. No. 1 at 1. The plaintiff indicates that the Commissioner's decision finding her not disabled is not in accordance with the purpose and intent of the Social Security Act and the decision is not supported by substantial evidence and is contrary to law. Id. at 2. At this early stage in

2

the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 2nd day of September, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**